UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>and<br><br>THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES,<br>Attorney General of the State of New York,<br><br>  Plaintiffs,<br><br>  v.<br><br>HANDY TECHNOLOGIES, INC., d/b/a ANGI SERVICES,<br>  Defendant. | Case No. 1:25-cv-122<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |

      Plaintiffs, the Federal Trade Commission ("Commission" or "FTC") and the People of the State of New York ("State of New York") by their attorney Letitia James, Attorney General of the State of New York (collectively, "Plaintiffs") filed their Complaint for Permanent Injunction, Monetary Judgment, and Other Relief ("Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Section 13(b) of the FTC Act, 15 U.S.C. §53(b), New York Executive Law ("N.Y. Exec. Law") §63(12), and New York General Business Law ("N.Y. GBL") §§ 349 and 350. Plaintiffs and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them, including a potential administrative action pursuant to 16 C.F.R. Part 3, followed by a potential federal court action pursuant to Section 19(a)(2) of the FTC Act, 15 U.S.C. § 57b(a)(2).

1

**THEREFORE, IT IS ORDERED** as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendant participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and fraudulent and deceptive acts and practices in violation of N.Y. Exec. Law § 63(12), and N.Y. GBL §§ 349 and 350, in connection with its advertising, marketing, promotion, or offering of household job opportunities to consumers across the United States.

3. Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4. Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5. Defendant and Plaintiffs waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. **"Clear(ly) and Conspicuous(ly)"** means that a required disclosure is easily noticeable (i.e., difficult to miss) and easily understandable by ordinary consumers, including in all of the following ways:

    1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication

is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, easily read, and easily understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and easily understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience,

"ordinary consumers" means reasonable members of that group.

B. **"Customer No Shows"** means any situation where a Pro is unable to perform or complete a Job obtained through Defendant's Platform due to an action taken or not taken by the Requester of the Job, including the Requester:

    1. Informing the Pro that they want to cancel the Job;

    2. Not granting the Pro entry to the location where the Job is to be performed;

    3. Providing inadequate instructions for accessing the Job location; or

    4. Otherwise not granting the Pro access to perform the Job.

C. **"Defendant"** means Handy Technologies, Inc., doing business as Angi Services, and its successors and assigns.

D. **"Job"** means any work for compensation obtained through Defendant's Platform.

E. **"Platform"** means a website(s) or software application(s) that allows users to obtain or provide service(s).

F. **"Pro"** means an individual or business entity who can claim and perform Jobs advertised, offered, marketed, promoted, or listed by Defendant.

G. **"Requester"** means an individual or business entity who requests through Defendant's Platform that a Job be performed.

## ORDER

### I. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the

promotion or offering for sale of any good or service, are permanently restrained and enjoined from:

  A. making any misrepresentation, expressly or by implication, regarding:

    1. The compensation a Pro may earn;

    2. Any monies, such as fees and fines, that will or may be subtracted or taken from, or otherwise affect, any compensation paid to Pros;

    3. Any term or condition related to Defendant's ability to reduce the compensation payable to or collect money from a Pro;

    4. Any term or condition related to the timing of compensation paid to Pros; and

    5. Any other fact material to Pros concerning the opportunity to earn money, such as the total costs, fees, or expenses, or any material restrictions, limitations, or conditions.

  B. making any representation, expressly or by implication, regarding the compensation a Pro may earn, unless the representation is non-misleading, and, at the time such representation is made, Defendant possesses and relies upon competent and reliable evidence that is sufficient in quality and quantity to substantiate that the representation is true and that the claimed earnings are typical for persons similarly situated to those to whom the claim is made; and

  C. making any representation, expressly or by implication, that Pros may receive expedited payment without Clearly and Conspicuously disclosing, in close proximity to that representation, any fee(s) that a Pro may incur if the Pro elects to receive expedited payment.

## II.   PROHIBITION AGAINST IMPOSING FINES, FEES, OR OTHER CHARGES WITHOUT EXPRESS, INFORMED CONSENT

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the promotion, offering for sale, or sale of any good or service, are permanently restrained and enjoined from imposing any fines, fees, or other charges upon, or taking any monies from, any Pro without having previously obtained the Pro's express, informed consent to each fine, fee, or other charge. To obtain express, informed consent, Defendant must Clearly and Conspicuously disclose, separate from any other portion of the transaction and immediately adjacent to a check box, signature, or substantially similar method of affirmative consent:

A.   For any person who applies to become a Pro after the entry of this Order, immediately before the person submits such application:

1. All potential fines, fees, or other charges that Defendant can assess or impose upon a Pro; and

2. All the required steps a Pro must take to avoid each such potential fine, fee, or charge, and any material terms and conditions related to each such step; and

B.   For any person who, at the time of the entry of this Order, is an existing Pro, before the person claims their next Job through Defendant's Platform:

1. All potential fines, fees, or other charges that Defendant can assess or impose upon a Pro; and

2. All the required steps a Pro must take to avoid each such potential fine, fee, or charge, and any material terms and conditions related to each such step.

### III.    REQUIRED DISCLOSURES

IT IS ORDERED that Defendant, Defendant's officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the promotion, offering for sale, or sale of any good or service, are permanently restrained and enjoined from failing to Clearly and Conspicuously disclose, immediately before a Pro claims a Job, all the required steps a Pro must take to receive compensation when a Customer No Shows.

### IV. INJUNCTION CONCERNING CUSTOMER NO SHOWS

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the promotion or offering for sale of any good or service, are permanently restrained and enjoined from penalizing, including by imposing any fines, fees, or other charges upon, taking any monies from, or not compensating, a Pro when a Customer No Shows unless Defendant has provided a procedure that enables a Pro to avoid such penalties and receive compensation, after a Customer No Shows. Such procedure must:

    A.    Be easy to find within any software application Pros use to claim Jobs;

    B.    Be easy to complete;

    C.    Provide written confirmation of completion; and

    D.    If the Pro temporarily lacks Internet service, be effective upon the Pro's use of Defendant's application while connected to the Internet.

### V.    JUDGMENT FOR MONETARY RELIEF

IT IS FURTHER ORDERED that:

    A.    Judgment in the amount of Two Million Nine Hundred Fifty Thousand Dollars

($2,950,000) is entered in favor of Plaintiffs against Defendant.

B.     Defendant is ordered to pay to the Commission $2,950,000, which, as Defendant stipulates, its undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

## VI. ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.     Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission or the State of New York, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission or the State of New York pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.     Defendant acknowledges that its Employer Identification Numbers, which Defendant must submit to the Commission, may be used by Plaintiffs for reporting and other lawful purposes, including collecting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.     All money received by the Commission pursuant to this Order may be deposited

into a fund administered by the Commission or its designee to be used for consumer relief, such as redress, and any attendant expenses for the administration of any redress fund.  If Plaintiffs decide that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, Plaintiffs may apply any remaining money for such related relief (including consumer information remedies) as they determine to be reasonably related to Defendant's practices alleged in the Complaint.  Any money not used for relief shall revert to the State of New York to be used for any lawful purpose, including costs.  Defendant has no right to challenge any actions the Commission or its representatives, or the State of New York or its representatives, may take pursuant to this Subsection.

## VII. PRO INFORMATION

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the promotion or offering for sale of any good or service, are permanently restrained and enjoined from directly or indirectly failing to provide sufficient information about Pros to enable the Commission and the State of New York to efficiently administer consumer redress.  If a representative of the Commission or the State of New York requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission or the State of New York, within 14 days.

## VIII. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

    A.    Defendant, within 7 days of entry of this Order, must submit to the Commission and the State of New York an acknowledgment of receipt of this Order sworn under penalty of

perjury.

B. For 3 years after entry of this Order, Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX. COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission and the State of New York:

A. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury. Defendant must:

1. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and State of New York may use to communicate with Defendant;

2. identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

3. describe the activities of each business, including the goods and services

     offered, all publicly available representations of compensation a Pro may earn, in cash or in kind, and representations about when payment(s) to Pros would be made;

  4. state the total dollar amounts that Defendant has withheld or collected from Pros since the entry of this Order, as well as the number of such instances, broken down by category;

  5. describe in detail whether and how Defendant is in compliance with each Section of this Order; and

  6. provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 10 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

  1. any designated point of contact; or

  2. the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Defendant must submit to the Commission and the State of New York notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D. Any submission to the Commission and the State of New York required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C.

§ 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:  [DATE]" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. Handy Technologies, Inc.

F. Unless otherwise directed by a State of New York representative in writing, all submissions to the State of New York pursuant to this Order must be emailed to ifraud@ag.ny.gov and sent by overnight courier (not the U.S. Postal Service) to: Bureau Chief, Bureau of Internet and Technology, New York State Attorney General's Office, 28 Liberty Street, New York, New York 10005.  The subject line must begin: FTC v. Handy Technologies, Inc.

## X. RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.  Specifically, Defendant must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, other than a Pro, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. personnel records showing, for each Pro providing services, that Pro's: name;

addresses; and telephone numbers;

      D.    records of all Pro complaints, whether received directly or indirectly, such as through a third party, and any response;

      E.    all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission and the State of New York;

      F.    a copy of each unique advertisement or other marketing material relating to the amount of money a Pro can earn on Defendant's Platform;

      G.    substantiation for all publicly available representations of compensation a Pro may earn, in cash or in kind;

      H.    a copy of each unique advertisement or other marketing material relating to when a Pro will get paid; and

      I.    all records related to taking, reducing, or collecting money from a Pro or the compensation otherwise due to a Pro.

## XI. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order, including any failure to transfer any assets as required by this Order:

      A.    Within 14 days of receipt of a written request from a representative of the Commission or the State of New York, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission and the State of New York are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.	For matters concerning this Order, the Commission and the State of New York are authorized to communicate directly with Defendant. Defendant must permit representatives of the Commission and the State of New York to interview any employee or other person affiliated with Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.	The Commission and the State of New York may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this ___ day of _____, 202__.**

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFFS:**

**FEDERAL TRADE COMMISSION**

Date: 1/3/2025

EDWARD HYNES
New York Bar No. 4887584
ehynes@ftc.gov; (214) 979-9381
DAVID ALEX
Texas Bar No. 24003256
dalex@ftc.gov; (214) 979-9370
ANNE LEJEUNE
Texas Bar No. 24054286
alejeune@ftc.gov; (214) 979-9370
TAMMY CHUNG
New York Bar No. 5745476
tchung@ftc.gov; (214) 979-9399
1999 Bryan St., Ste. 2150,
Dallas, Texas 75201


**FOR THE PEOPLE OF THE STATE OF NEW YORK:**

LETITIA JAMES
Attorney General of the State of New York

Date: 1/3/2025

CLARK P. RUSSELL (New York Bar No. 2848323)
Deputy Bureau Chief
JORDAN S. ADLER (New York Bar No. 4605556)
Senior Enforcement Counsel
Bureau of Internet and Technology
Office of the New York State Attorney General
28 Liberty St.
New York, NY 10005
(212) 416-8433 (voice)
(212) 416-8369 (fax)
Email: clark.russell@ag.ny.gov
Email: jordan.adler@ag.ny.gov

**FOR DEFENDANT HANDY TECHNOLOGIES, INC., d/b/a ANGI Services:**

_____   Date: 12/12/2024
Jennifer Barrett
Manisha Sheth
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, NY 10016

Dawn Y. Yamane Hewett
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
Counsel for Handy Technologies, Inc.


_____   Date: 12.12.2024
Shannon Shaw
Chief Legal Officer, Angi. Inc.